## EDWARD FREEMAN *vs.* JAMES WILSON.

A tenant retaining possession of the leased premises, after the expiration of the time named in a proper notice to quit, is a trespasser, and may be ejected by his landlord without legal process.

EXCEPTIONS to the Court of Common Pleas.

The bill of exceptions in this case, as allowed by the justice who presided at the trial in the Court of Common Pleas, shows:

That the plaintiff occupied as tenant a store in Pawtucket; the defendant was agent of the plaintiff's landlords; there were no arrears of unpaid rent, but the plaintiff had been duly notified in writing to vacate the hired premises. At the time specified in the notice to quit, the plaintiff refused to surrender the premises, and his lessors brought an action of ejectment against him. While this action was pending, the defendant, as agent of the lessors, entered on the premises during the plaintiff's absence, removed the plaintiff's goods into the street, and forcibly prevented the plaintiff from reëntering, whereupon the plaintiff brought this action in trespass, and the defendant pleaded the above facts in justification. At the trial the plaintiff requested the presiding justice to charge the jury " that the defendant, under the evidence, had no right to enter the premises occupied by the plaintiff, without process of law, and that such entry was a trespass. The presid-

ing justice refused so to charge, and did charge " that, at the expiration of the notice to quit, the plaintiff became a trespasser, and that the defendant, as agent of the landlords, had a right to enter said premises, take possession, and eject the plaintiff's goods therefrom without legal process, and that the plaintiff had no right 'to reënter." To the refusal and charge the plaintiff excepted.

*June* 13, 1889. PER CURIAM. We find no errror in the instruction of the court to the jury, or in the refusal of the court to charge in accordance with the plaintiff's request. The instruction is sustained by *Souter* v. *Codman*, 14 R. I. 119.

*Exceptions overruled.*

*Charles H. Page, Hugh J. Carroll, Franklin P. Owen & Thomas J. McParlin*, for plaintiff.

*W. B. Tanner*, for defendant.